UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

GEORGE EAGAN GINTHER,                                    05-CV-0248E(Sc)

               Plaintiff,                                    MEMORANDUM

   -vs-                                                                        and

PROVIDENT LIFE AND CASUALTY                                    ORDER[1]
   INSURANCE COMPANY,

               Defendant.

_____

      Plaintiff George Eagan Ginther commenced this action on March 9, 2005 in

New York State Supreme Court, County of Erie, against defendant Provident Life

and Casualty Insurance Company ("Provident").  Provident removed this action

to this Court on April 11, 2005 based on this Court's diversity jurisdiction.

Provident moved to dismiss on April 18, 2005 claiming, *inter alia*, that Ginther's

claims are barred by Rule 13(a) of the Federal Rules of Civil Procedure ("FRCvP")

and the doctrine of *res judicata*.  Ginther, on April 26, 2005, moved to remand

claiming that removal was untimely and, on May 16, 2005, amended his motion

to remand seeking to add two non-diverse defendants and thus destroy the

Court's diversity jurisdiction.  Finally, Ginther moved on June 10, 2005 to

disqualify counsel and for a protective order.  All motions were argued and

submitted on July 29, 2005 and, for the reasons set forth below, Provident's

_____

      [1]This decision may be cited in whole or any part.

motion to dismiss will be granted, Ginther's first motion to remand will be denied and Ginther's remaining motions will be dismissed as moot.

The facts relevant to the pending motions are found as follows and are undisputed. Provident is a provider of disability insurance and Ginther had a disability insurance policy issued by Provident ("the Policy"). Provident commenced a declaratory judgment action on May 13, 1996 against Ginther seeking a declaration from this Court that the Policy was and is null and void and that Provident had and has no obligation to pay Ginther any benefits thereunder. *Provident* v. *Ginther*, 96-CV-0315E (hereafter "the Prior Action"). Both parties' motions for summary judgment in the Prior Action were denied and a bench trial was held before the undersigned from February 12, 2001 to February 21, 2001. On March 4, 2002, the undersigned granted judgment in favor of Provident, finding, *inter alia*, that the Policy was null and void due to Ginther's fraud in procuring it. Ginther appealed and, on November 21, 2002, the Second Circuit Court of Appeals affirmed this Court's decision.

Provident had proffered a check to Ginther on June 26, 1996 in the amount of $33,256.81 as a refund of his premiums paid pursuant to the Policy. Ginther refused the check on the grounds that it would prejudice his claims in the Prior Action. Ginther now asserts that he is entitled to recover his premiums and that Provident's refusal to refund said premiums is unjustified and (1) entitles Ginther

to recover long-term disability benefits under the terms of the Policy, (2) unjustly enriches Provident, (3) is a breach of Provident's fiduciary duty and duty of good faith and fair dealing and (4) intentionally inflicted emotional distress on Ginther.

Provident, in moving to dismiss pursuant to FRCvP 12(b)(6), claims that (1) Ginther's claims are barred by FRCvP 13(a) as they were compulsory counterclaims that ought to have been raised in the Prior Action, (2) Ginther's claims are barred by the doctrine of *res judicata* and by the statute of limitations, (3) Ginther relinquished any right to a refund of his premiums by the Court's determination in the Prior Action that he had engaged in fraudulent conduct, (4) Ginther did not make a timely claim for benefits under the Policy and is thus precluded from seeking a refund of his premiums and (5) Ginther waived any right to a refund of his premiums by rejecting Provident's initial offer to return his premiums.  In response, Ginther claims, *inter alia*, that (1) a claim for recovery of his premiums is not barred by FRCvP 13(a) because it had not matured at the time of the Prior Action and (2) Provident's prior tender of Ginther's premiums estops Provident from asserting a FRCvP 13(a) claim here.

The Court first will briefly address Ginther's motion to remand on timeliness grounds.  A defendant may remove a civil action "within thirty days after the receipt by the defendant \*\*\* of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based". 28 U.S.C. §1446(b).  The

thirty-day period commences on the day after the day the initial pleading is filed and, if the thirtieth day is a Saturday, Sunday or legal holiday, the period runs until the day after such.  FRCvP 6(a).  Ginther filed this action in state court on Wednesday, March 9, 2005.  The first day of the thirty-day period was March 10, 2005 and the thirtieth day thereafter was Saturday, April 9, 2005.  According to FRCvP 6(a), the following Monday, April 11, 2005, is the last day of the thirty-day period and Provident removed the action on April 11, 2005.  Removal, therefore, was timely.  The undersigned need not address Ginther's other grounds for remand set forth in his May 16, 2005 motion because the case will be dismissed pursuant to FRCvP 12(b)(6).

FRCvP 12(b)(6) entitles a defendant to a judgment of dismissal where a complaint fails to state a claim upon which relief can be granted.  The standard of review on a motion to dismiss is heavily weighted in favor of a plaintiff.  The Court is required to read a complaint generously, accepting the material facts alleged therein as true and drawing all reasonable inferences from the complainant's allegations.  *California Motor Transp. Co.* v. *Trucking Unlimited*, 404 U.S. 508, 515 (1972); *Frasier* v. *Gen. Elec. Co.*, 930 F.2d 1004, 1007 (2d Cir. 1991).  A defendant is entitled to dismissal pursuant to FRCvP 12(b)(6) only when the Court finds that "it appears beyond doubt that the plaintiff can prove no set

of facts in support of his claim which would entitle him to relief." *Conley* v. *Gibson*, 355 U.S. 41, 45-46 (1957).

Even though *res judicata* is an affirmative defense, it can be upheld on an FRCvP 12(b)(6) motion if it is clear from the face of the complaint that the plaintiff's claims are barred. *Angell* v. *U.S. Army Corps of Engineers*, 149 Fed. Appx. 34, 36 (2d Cir. 2005). Under the doctrine of *res judicata*, parties are precluded from relitigating issues that were or *could have been* raised in a prior action in which a final judgment on the merits was issued. *Ibid* (citation omitted). *Res judicata*, therefore, is "an absolute bar not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose", such as a compulsory counterclaim. *Ibid* (citation and internal quotations omitted) ("If a litigant fails to raise a compulsory counterclaim as defined by [FRCvP] 13(a), [he] is barred by the doctrine of *res judicata* from raising it in a subsequent suit."). If the issues in Ginther's Complaint — all of which center around whether Provident is obligated to refund his premiums — is a compulsory counterclaim, Ginther is precluded from relitigating such and the Court need not address his pending motions as they all arise out of the same issue.

FRCvP 13(a) defines a compulsory counterclaim as

"any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or

occurrence that is the subject matter of the opposing party's claim
and does not require for its adjudication the presence of third parties
of whom the court cannot acquire jurisdiction."

Such counterclaims are "compulsory" in that "if they are not raised, they are forfeited." *Jones* v. *Ford Motor Credit Co.*, 358 F.3d 205, 209 (2d Cir. 2004). The doctrine of *res judicata* bars a party who failed to raise a compulsory counterclaim in a prior action to raise it in a subsequent suit. *Angell*, at 36; *Critical-Vac Filtration Corp.* v. *Minuteman Int'l, Inc.*, 233 F.3d 697, 699 (2d Cir. 2000) ("If a party has a compulsory counterclaim and fails to plead it, the claim cannot be raised in a subsequent lawsuit."). Whether a counterclaim is compulsory or permissive turns on whether it "arises out of the transaction or occurrence" of the original claim. The Second Circuit Court of Appeals has held that "[t]he test for determining whether a counterclaim is compulsory is whether a logical relationship exists between the claim and the counterclaim and whether the essential facts of the claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Adam* v. *Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991).

There is no doubt that the Prior Action and this current litigation arise out of the same transaction or occurrence. They both center on the Policy, with the Prior Action turning on the validity, or lack thereof, of the Policy and that which may be owed pursuant to a finding of validity, and with the current action turning

on that which may be owed pursuant to a finding of invalidity.   Thus, the Policy is the transaction or occurrence out of which both actions arise.   *See, e.g., Cabiri v. Gov't of the Republic of Ghana*, 165 F.3d 193, 198 (2d Cir. 1999) (finding a breach of contract claim to have arisen out of the same transaction as an eviction proceeding in that they both pertained to the same employment contract); *Sage Realty Corp.* v. *Ins. Co. of N. Am.*, 34 F.3d 124, 129 (2d Cir. 1994) (finding counterclaims asserted under the same lease as that under which the main claim was asserted to be "compulsive counterclaims"); *Adam*, at 92 ("[U]nder Second Circuit case law, claims for rescission and enforcement arise out of the same transaction or occurrence.").

All of Ginther's five causes of action are based on a claim that Provident should have refunded Ginther's premiums paid under the Policy. Each cause of action, therefore, is a compulsory counterclaim that should have been raised in the Prior Action because each arises out of the determination that the Policy was null and void — the matter litigated in the Prior Action.   The need for this litigation could have easily been avoided had Ginther asserted a claim in the Prior Action seeking return of his premiums in the event the Court found, as it did, that the Policy was void.   *See, e.g., S. Constr. Co.* v. *Pickard*, 371 U.S. 57, 60 (1962) ("[FRCvP 13(a)] was designed to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters, ***

- 7 -

being particularly directed against one who failed to assert a counterclaim in one action and then instituted a second action in which that counterclaim becomes the basis of the complaint.").  Judicial economy — as well as FRCvP 13(a) and the doctrine of *res judicata* — dictates that Ginther's present action be dismissed for failure to raise it as a compulsory counterclaim in the Prior Action.

Accordingly, it is hereby **ORDERED** that defendant Provident's motion to dismiss is granted, that plaintiff Ginther's motions to remand and to disqualify counsel and for a protective order are denied and that the Clerk of the Court shall close this case.

DATED:     Buffalo, N.Y.

January 20, 2006

_____/s/ John T. Elfvin_____
JOHN T. ELFVIN
S.U.S.D.J.