UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| GEORGE EAGAN GINTHER, | 05-CV-0248E(Sc) |
| Plaintiff, | MEMORANDUM |
| -vs- | and |
| PROVIDENT LIFE AND CASUALTY INSURANCE COMPANY, | ORDER[1] |
| Defendant. | |

---

## INTRODUCTION AND BACKGROUND

This case has a long history, with which the parties are familiar and which the Court will not recount herein. In sum, this case reflects the remnants of a previous lawsuit in which a bench trial was conducted in 2002 relating to defendant Provident Life and Casualty Insurance Company's declaratory judgment action seeking nullification, on the basis of fraud in the procurement, of a long term disability insurance policy it had issued to plaintiff. The bench trial in that case resulted in a judgment in favor of defendant in March, 2002. The judgment was affirmed by the Court of Appeals for the Second Circuit in November, 2002. Thereafter, plaintiff sought return of all premiums allegedly paid under such policy and defendant refused to comply on the basis that plaintiff had

---

[1] This decision may be cited in whole or any part.

an affirmative duty to plead for their recovery in the original lawsuit and had failed to do so.

In March, 2005, plaintiff brought an action against defendant in New York State Supreme Court, Erie County, seeking, *inter alia*, the return of the premiums or payment of benefits under the policy. On April 11, 2005, defendant removed the matter to this Court (Dkt. #1) and promptly made a motion to dismiss the complaint (Dkt. ##3, 4). Plaintiff made two motions to remand the matter to state court (Dkt. ##6, 7) and a motion to disqualify defense counsel (Dkt. #9). After extensive briefing of these motions and oral argument thereon, the Court issued a Memorandum and Order on January 24, 2006 granting defendant's motion to dismiss, denying plaintiff's first motion to remand and rendering moot plaintiff's second motion to remand and his motion for disqualification (Dkt. #30). A judgment was entered in favor of defendant (Dkt. #31) and the case was closed on January 25, 2006.

On February 2, 2006, plaintiff made a Motion to Amend/Correct the Judgment (Dkt. #32). In it, plaintiff seeks essentially the same relief (on the same or substantially similar grounds) that he sought in the original lawsuit and the instant lawsuit, both of which he has already lost. In addition to opposing this motion, defendant has moved for sanctions on the grounds that the motion to Amend/Correct is frivolous and a continuation of plaintiff's course of harassment

of defendant's counsel (Dkt. #38). This prompted plaintiff to move for sanctions against defendant on the ground that defendant's motion for sanctions was frivolous and intended to harass plaintiff (Dkt. #45).

The parties have filed voluminous papers on all of the pending motions and the Motion to Amend/Correct, having come before the Court for oral argument on April 7, 2006, and the two sanctions motions, having been presented for oral argument on July 7, 2006, are now before the Court for decision.

## **DISCUSSION**

On June 29, 2006, defendant filed a Request to Take Mandatory Judicial Notice Pursuant to FRE (Federal Rules of Evidence) 201(d) (Dkt. #46) of an opinion of the New York State Supreme Court , Appellate Division, Fourth Department in a matter factually related to the case at hand and about which defendant alleges plaintiff made misleading statements in this motion to Amend/Correct. Defendant supplemented this request on January 22, 2007 (Dkt. #52) requesting that Judicial Notice be taken of various Orders, Judgments and Transcripts in four other state court matters relative to lawsuits plaintiff filed against (1) his former attorney and law firm, (2) defendant's attorneys and their law firm in this case regarding their actions and behavior in both this case and the previous federal case mentioned above,(3) his ex-wife, her attorney and his law firm and (4) his ex-wife regarding what defendant alleges is plaintiff's litigious behavior through the

filing of frivolous claims as a means of revenge and harassment. Plaintiff has opposed these requests on the ground that, in one of the cases contained therein, there is currently pending a motion for leave to appeal to the New York Court of Appeals. Defendant's requests are granted to the extent that the Court takes judicial notice of the court orders and opinions and transcripts of court proceedings but not the defendant's arguments relative thereto.

### *Motion to Amend/Correct*

In this motion, plaintiff seeks a protective order regarding defendant's use of documents from his divorce proceeding ("the matrimonial documents") which he alleges were not sealed due to a mistake in the state court system, and also seeks a trial to recover either his disability benefits or the premiums he paid under the policy which has since been declared void. The Court has thoroughly reviewed the matter and finds plaintiff's motion to be patently without merit.

With respect to that portion of the motion seeking a trial to recover benefits or premiums, plaintiff seeks to reargue and re-litigate matters which have been addressed *ad nauseam* by this Court in this case and in the prior litigation involving the same facts of this case. It has been fully litigated and thereby clearly established that plaintiff has no rights to benefits under the policy. Likewise, this Court has clearly held that he has no claim for return of the premiums. Plaintiff's current motion adds nothing new to the mix. It is merely

based on arguments and allegations virtually identical to those which have been previously considered and rejected by this Court. There are no new or credible reasons offered which would cause this Court to alter its previous decision.

With respect to that portion of the motion seeking a protective order, such relates to plaintiff's motion to disqualify defense counsel which the Court previously denied as moot. In light of the Court's refusal to modify or amend the judgment of dismissal, the motion to disqualify is still moot. Plaintiff presents no new information upon which to base a reconsideration. Nevertheless, the Court further finds that it is meritless. The gravamen of plaintiff's current motion for protective order revolves around a state court action plaintiff filed against defendant's counsel and their law firm alleging attorney misconduct in the handling of the matrimonial documents that plaintiff claims were improperly disclosed in the federal court case. In sum, plaintiff claims that the state court suit has merit and, therefore his current motion has merit too because it contains essentially the same allegations. Plaintiff's state court suit, however, was dismissed as both meritless and taken in bad faith and plaintiff was sanctioned therefor. When the instant motion was filed, the appeal of the dismissal and sanctions order was still pending. It has since been concluded wherein the dismissal and sanctions order was affirmed by the Supreme Court, Appellate

Division, Fourth Department.[2]  Therefore, the motion is moot for that reason as well.  Likewise, based on the record before it, the Court finds that even if it was not moot, plaintiff's disqualification motion is spurious.

The Court sees no reason to expound further.  The parties are referred to the Court's previous decision granting defendant's motion to dismiss herein (Dkt. #30), as well as the Court's decision in *Provident Life and Cas. Ins. Co.* v. *Ginther,* No. 96-CV-0135E, 2002 WL 1020775 (W.D.N.Y.), *aff'd.*, 51 Fed. Appx. 72, 2002 WL 31628638 (2d Cir. 2002) as additional bases for the Court's holding today.

The various decisions awarding sanctions and dismissing plaintiff's claims in the state court actions based on the same facts and transactions involved in this case merely add support to a decision which, to this Court, was already quite clear.  Plaintiff's motion to Amend/Correct the Judgment is **DENIED.**

*The Sanctions Motions*

Upon thorough review of the papers submitted by the parties, the Court finds defendant's motion to be meritorious and its arguments to be persuasive. The Court further finds that plaintiff's motion lacks merit and his arguments are both specious and unpersuasive.  Therefore, for the reasons stated above and in defendant's papers (filed both in support of it's motion and in opposition to

---

[2]Plaintiff filed a motion for leave to appeal this case to the New York Court of Appeals. This fact does nothing to persuade this Court that the current motion has merit.

plaintiff's motion) (Dkt. ##38, 43, 47, 49), and upon the evidence submitted pursuant mandatory judicial notice (Dkt. ## 46, 52), defendant's motion for sanctions is **GRANTED** and plaintiff's motion for sanctions is **DENIED**.

The Court finds plaintiff's conduct to be particularly egregious. He continues to assert the same accusations of attorney misconduct against defense counsel over and over again, despite them having been found to be without merit by this Court and numerous state courts, one of which has already sanctioned him for this conduct [3]. Yet, he persists here, with the only additional basis being that defendant filed a sanctions motion against him. This rationale is both childish and ridiculous. His motion to Amend/Correct is a patently frivolous, barely veiled attempt to reargue, not only the current case, but the previous lawsuit as well.

While it is acknowledged that plaintiff is *pro se*, his conduct herein cannot be construed to be as a result of the absence of legal advice. Plaintiff is an experienced *pro se* litigator, having brought at least twelve cases in both state

---

[3] *Ginther* v. *Jones, et al*, No. I-2005-6904, Memorandum & Order (Hon. Joseph D. Mintz JSC) (Dkt. #38, Ex. B). In this case, plaintiff sued defense counsel for the exact conduct he claims was improper in his numerous motions herein. Justice Mintz dismissed the action and awarded defendants in that case $4,000. in costs and fees and $1,000. as a sanction. Justice Mintz stated that

> "the imposition of monetary sanctions and an award of costs is necessary to deter plaintiff *** from filing similar frivolous lawsuits in the future; and *** the imposition of monetary sanctions and an award of costs is justified by plaintiff's bad faith and frivolous conduct in commencing and maintaining this action without any reasonable basis or merit in law or in fact and in an effort to harass the defendant as part of his litigation strategy in a separate federal court action ***"

and federal courts within the past four years. (See, Dkt. #38, p.9). A review of plaintiff's filings before this Court reveal a savvy litigator who knows how to use the system to his advantage. Nevertheless, it is clear to the Court that Plaintiff's conduct herein is not the result of misunderstanding or ignorance, rather, it is a calculated and knowing strategy.

An award of costs and sanctions are needed here in order to convey the message to plaintiff that this case is over and his behavior in attempting to continue it by wasting this Court's resources and baselessly attacking the credibility of defendant's counsel will not be tolerated. An award of costs and sanctions is also warranted in light of plaintiff's substantial violation of F.R.Cv.P. 11 in filing the motion to correct/amend and the motion for sanctions containing allegations and argument which plaintiff obviously knows are without legal or factual merit, having clearly been told such by numerous courts on many occasions.[4] The Court can view this tactic in no other light than plaintiff's blatant stubbornness in his refusal to accept that he has lost and his attempt to harass defense counsel and to increase defendant's litigation costs, and to unnecessarily delay final adjudication in this matter.

---

[4] As described herein, the evidence establishes that plaintiff's motions violate each and every numbered subsection of Rule 11(b).

In light of the fact that the $5,000. in costs and sanctions imposed by Justice Mintz was not sufficient to deter plaintiff from continuing his frivolous and vindictive behavior, a more severe sanction is warranted herein. The Court will award defendant reasonable costs and attorney's fees expended in defending against the motions to amend/correct and for sanctions, as well as reasonable costs and fees it incurred in making its own sanctions motion. The Court will also prohibit and enjoin plaintiff from commencing any further federal actions relating to any of the facts or events surrounding this case and the prior case.

## **CONCLUSION**

For the foregoing reasons, it is hereby **ORDERED** that plaintiff's Motion to Amend/Correct the Judgment (Dkt. #32) is **DENIED**, plaintiff's Motion for Sanctions (Dkt. #45) is **DENIED** and defendant's Motion for Sanctions is **GRANTED**. It is further

**ORDERED** that defendant submit an affidavit consisting of an accounting of costs and fees as reflected above no later than 10 days after the entry of this Order. If plaintiff decides to challenge the amounts submitted by the defendant, he is directed to submit an affidavit within 10 days of defendant's filing. Such affidavit, however, may not dispute the actual entitlement to fees and costs and may only challenge the reasonableness of such. Further, general assertions of "unreasonableness" will not be sufficient to assist the Court in determining the

proper amount of fees and costs.  Further, if it is argued that a particular item is excessive, a specific alternative amount is to be provided along with an explanation as to why the alternative amount is reasonable.  After review of such, the Court will then enter an Order awarding costs, as appropriately determined by the Court.  Depending on the amount of costs and fees awarded, the Court will also determine if an additional sanction, as a fine, will be imposed and ordered payable to the Court.  It is also

**ORDERED** that plaintiff is prohibited from commencing any further actions, against anyone, arising out of or relating to any of the facts or events alleged in or surrounding, this case or the prior action (96-CV-0315E(Sc)).

DATED:   Buffalo, N.Y.

March 21, 2007

_/s/ John T. Elfvin_
JOHN T. ELFVIN
S.U.S.D.J.